IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SUNNY'S EXPRESS HOLDINGS III, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-3505-K-BN |
| | § | |
| KUSHNOOR, INC. and RAJWINDER SINGH, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER NOTICING DEFICIENCIES THAT MUST BE CURED**

Through its counsel, Plaintiff Sunny's Express Holdings III, LLC ("Sunny's"), identified as a Wyoming limited liability company with its principal place of business in Houston, filed a petition in a Dallas County state court asserting claims under Texas law against Defendants Kushnoor, Inc., alleged to be a Mississippi corporation, and Rajwinder Singh, "an individual and resident of Mississippi." Dkt. No. 3 at 6-23.

Proceeding *pro se*, Singh removed to federal court based on diversity subject matter jurisdiction. *See generally id.*; 28 U.S.C. § 1332.

United States District Judge Ed Kinkeade referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Upon the Court's review of the docket, the notice of removal neither shows that the Court possesses subject matter jurisdiction nor that the corporate defendant may proceed *pro se* in federal court.

"As always, jurisdiction first." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 95 F.4th 951, 958 (5th Cir. 2024) (citation omitted).

"Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868); *accord* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991).

And, so, a court "must examine the basis of its jurisdiction, on its own motion if necessary." *Green Tree Servicing, L.L.C. v. Charles*, 872 F.3d 637, 639 (5th Cir. 2017) (citation omitted).

Jurisdiction under Section 1332 requires that each plaintiff's citizenship be diverse from each defendant's citizenship. *See* 28 U.S.C. § 1332(a).

And, "when jurisdiction depends on citizenship, citizenship must be 'distinctly and affirmatively alleged.'" *Smith v. Bank of Am. Corp.*, 605 F. App'x 311, 314 (5th Cir. 2015) (per curiam) (cleaned up; quoting *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975)).

Singh alleges that Sunny's "is a Wyoming Limited Liability Company and Kushnoor, Inc. and [Singh] are actual residents of the State of Mississippi," Dkt. No. 3 at 1, while, in its state court petition, Sunny's alleges that it "is a Wyoming limited liability company with its principal place of business" in Houston; that "Kushnoor, Inc. is a Mississippi corporation"; and that Singh "is an individual and resident of

Mississippi," *id.* at 7.

So "[t]his case involves three types of parties: individuals, LLCs, and corporations." *Cadence Bank v. Johnson*, 160 F.4th 197, 202.

And, as to each type, none of the allegations are sufficiently distinct and affirmative to show that the Court has subject matter jurisdiction under Section 1332.

Of course, Sunny's was no under obligation to conform its initial pleading to these standards, as it filed this lawsuit in state court.

But, as the party invoking federal jurisdiction through removal, neither Singh's actual notice of removal nor its attachments carry his burden to properly allege jurisdiction under Section 1332. *See St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." (cleaned up)).

"For natural persons, § 1332 citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *SXSW v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). And,

> [i]n *Coury v. Prot*, the [United States Court of Appeals for the] Fifth Circuit explained that, in determining a person's domicile, courts "must address a variety of factors" with "[n]o single factor [being] determinative." 85 F.3d 244, 251 (5th Cir. 1996). These "factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family." *Id.* (citations omitted).

*Union Pac. R.R. Co. v. Nuefuel TX LLC*, No. 3:23-cv-1206-L, 2024 WL 2970013, at *1 (N.D. Tex. June 11, 2024).

So "[a]n allegation of residency alone 'does not satisfy the requirement of an allegation of citizenship.'" *Id.* (quoting *Strain v. Harrelson Rubber Co.*, 742 F.2d 888, 889 (5th Cir. 1984) (per curiam)); *accord J.A. Maters Invs. v. Beltramini*, 117 F.4th 321, 322 (5th Cir. 2024) (per curiam); *see also Residential Capital Partners Secured Loan Fund X, LLC v. Hubbell*, No. 3:25-cv-171-B-BN, 2025 WL 2977948, at *2 (N.D. Tex. Oct. 21, 2025) ("[W]here the party invoking subject-matter jurisdiction under Section 1332 (1) merely concludes that a party is domiciled where he or she is alleged to currently reside and (2) fails to meaningfully address any *Coury* factor as to any party, a court cannot find that a party's domicile has been plausibly alleged and that complete diversity supports subject-matter jurisdiction under Section 1332.").

Singh has therefore not distinctly and affirmatively alleged his own citizenship where it's merely alleged that he resides in Mississippi.

And, because the citizenship of a limited liability company is determined by the citizenship of each of its members, *see Carden v. Arkoma Assocs.*, 494 U.S. 185, 196 (1990), "[a]t the pleading stage, the party invoking [a federal] court's jurisdiction must [distinctly and affirmatively] allege the citizenship of each LLC's members," *Storey Mountain, L.L.C. v. JPMorgan Chase Bank, N.A.*, 159 F.4th 294, 296 (5th Cir. 2025) (published order) (citations omitted).

To do so requires identifying each member and sub-member and, as to each of these, identifying that member's or sub-member's identity and citizenship. *See, e.g.*, *Phillips N. Am. LLC v. U.S. Auto. Ass'n*, No. 3:25-cv-1210-BN, 2025 WL 1828523, at *2 (N.D. Tex. July 2, 2025) ("For all LLCs in this action, Phillips must identify each

member and their citizenship, through every layer.”).

Singh has therefore not distinctly and affirmatively alleged Sunny’s citizenship where each of its members and their citizenship, through every layer, is not alleged.

“And for corporations, citizenship is based on a corporation’s state of incorporation and principal place of business.” *Cadence Bank*, 160 F.4th at 202 (citing 28 U.S.C. § 1332(c)(1)).

“While the state of incorporation is straightforward, principal place of business is less so” but is nevertheless determined by “the ‘nerve center’ test,” under which “a corporation’s principal place of business is the place ‘where a corporation’s officers direct, control, and coordinate the corporation's activities.’ That place is usually ‘where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination.’” *Id.* (quoting *Hertz v. Friend*, 559 U.S. 77, 92-93, 83 (2010)).

Singh has therefore not alleged Kushnoor’s citizenship where all that is alleged is its state of incorporation (Mississippi).

Add to these deficiencies that Singh appears to be proceeding *pro se* on behalf of Kushnoor where Singh has signed the notice of removal on behalf of the corporate defendant, *see* Dkt. No. 3 at 3, and, while counsel appeared for Kushnoor in a now-dismissed Mississippi action, related to this case, *see id.* at 22, counsel has not affirmatively appeared on behalf of Kushnoor in this lawsuit.

Entity defendants may not proceed *pro se* in federal court. *See Rowland v. Cal.*

*Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("[L]ower courts have uniformly held that 28 U.S.C. § 1654 ... does not allow corporations, partnerships, or associations to appear in federal court otherwise than by licensed counsel."); *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (per curiam) ("The 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" (quoting *K.M.A., Inc. v. Gen. Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir. 1982) ("This is so even when the person seeking to represent the corporation is its president and major stockholder." (citation omitted)))).

In sum, Singh has (at least so far) not carried his burden to show that there is federal subject matter jurisdiction, subjecting this lawsuit to *sua sponte* remand.

But remand is not required if Singh is able to amend the notice of removal "to set forth more specifically the jurisdictional grounds for removal." *A & C Disc. Pharmacy L.L.C. v. Prime Therapeutics LLC*, No. 3:16-cv-429-D, 2016 WL 3194332, at *4 (N.D. Tex. June 9, 2016) ("A defendant may freely amend a notice of removal within the 30-day period set out in 28 U.S.C. § 1446(b). Thereafter, a defendant may amend only to set forth more specifically the jurisdictional grounds for removal that were imperfectly stated in the original notice." (citations omitted)).

And, if Singh fails to do so by **November 13, 2026**, the undersigned will recommend that the Court *sua sponte* remand this lawsuit to the Dallas County state court from which it was removed.

Still, Singh may not appear on behalf of Kushnoor.

And, so, the Court also ORDERS Kushnoor to retain counsel and direct its counsel to enter an appearance on the record by **November 13, 2026**.

And, if the Court concludes that it has subject matter jurisdiction, and should Kushnoor fail to retain counsel, as ordered, it will risk sanctions, which could be severe. *See, e.g.*, *Mount Vernon Fire Ins. Co. v. Obodoechina*, Civ. A. No. 08-3258, 2009 WL 424326, at *1 (S.D. Tex. Feb.19, 2009) ("When a business is without counsel, it is appropriate to instruct the business that it must retain counsel. If, after sufficient time to obtain counsel, there is no appearance by counsel, judgment may be entered against the business entity by default.").

SO ORDERED.

DATE: October 14, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE